IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             No. 16-20110-JTF-dkv

VINCENT SAWYER,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE OF OTHER ACTS
_____

On May 19, 2016, the grand jury returned an indictment charging the defendant, Vincent Sawyer ("Sawyer"), with one count of wire fraud affecting a financial institution in violation of 18 U.S.C. 1343. (Indictment, ECF No. 1.) Now before the court is Sawyer's July 22, 2016 "Motion to Suppress Evidence of Other Acts." (ECF No. 15.) In this motion, Sawyer seeks to exclude from evidence any reference to prior bad acts committed by Sawyer other than the indicted offense. (ECF No. 15.) The government filed a response on August 4, 2016. (ECF No. 18.) The motion was referred to the United States Magistrate Judge for a report and recommendation. (ECF No. 22.)

I.    FACTUAL BACKGROUND

Paragraph one of Sawyer's indictment states that "as early as May 23, 2008, and continuing until at least December 20, 2012

. . . [Sawyer] [] knowingly and willfully devise[d] and intend[ed] to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises." (Indictment ¶ 1, ECF No. 1.) In paragraphs two through four, the indictment states that as part of this scheme to defraud, Sawyer made false statements regarding his income and employment for purposes of obtaining loans or credit from various financial institutions, was approved for credit to finance the purchase of various automobiles, filed false police reports claiming to be the victim of identity theft, and reported the alleged identify theft to various credit bureaus for the purpose of removing derogatory credit information from his credit profile. (*Id.* ¶¶ 2-4.)

Count 1 of Sawyer's indictment incorporates by reference paragraphs one through five and further states that on December 12, 2012, Sawyer transmitted via facsimile "false and fraudulent information regarding his employment and income" to Laurel BMW and BMW Bank of North America ("BMW Bank") in order to obtain an automobile from Laurel BMW. (*Id.* ¶¶ 5-9.)

In the instant motion, Sawyer seeks to exclude from evidence any reference to the alleged prior bad acts committed by Sawyer listed in paragraphs one through four of the indictment pursuant to Federal Rules of Evidence 404(b) and 403

2

arguing that "they are extremely prejudicial to [Sawyer] and will unfairly confuse the jury as to its determination of the single indicted offense." (Sawyer's Mot. to Suppress Evidence of Other Acts 3, ECF No. 15.) The government maintains that the prior acts referenced in paragraphs one through four are not subject to Rule 404(b) because they are intrinsic to the charged offense, i.e., they outline Sawyer's scheme to defraud which is an element of the wire fraud offense. (ECF No. 18.)

II. PROPOSED CONCLUSIONS OF LAW

Although captioned and docketed as a motion to suppress, Sawyer does not allege a Fourth Amendment violation. Rather, it appears that Sawyer's motion is in fact a motion *in limine* to exclude 404(b) evidence. "Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay and to allow the parties to focus remaining preparation time on issues that will in fact be considered by the jury." *United States v. Mack*, 298 F.R.D. 349, 351 (N.D. Ohio 2014), *aff'd*, 808 F.3d 1074 (6th Cir. 2015)(citations omitted). "In limine rulings are preliminary, and the district court may change its ruling at trial for any reason it deems appropriate." *Id.* (citing *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)). "To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds." *United States v.*

3

*Rabinowitz*, No. 2:11-CR-230, 2012 WL 3150959, at *1 (S.D. Ohio Aug. 2, 2012); *see also Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds."). Denial of a motion *in limine* "merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846 (citations omitted). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)(citation omitted).

The government maintains that the evidence that it seeks to introduce is intrinsic to the offense charged and not subject to Federal Rule of Evidence 404(b). Rule 404(b) provides that "[e]vidence of a crime, wrong, or act is not admissible to prove a person character in order to show that on a particular occasion the person acted in accordance with the character." The Sixth Circuit has held that "background evidence, 'often referred to as *res gestae*, does not implicate Rule 404(b).'" *United States v. Lamar*, 466 F. App'x 495, 499 (6th Cir. 2012)(quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)); *see also* Fed. R. Evid. (404(b) 1991 advisory committee's note ("The amendment does not extend to evidence of

4

acts which are 'intrinsic' to the charged offense."). Evidence falling within the "background circumstances" exception is limited to that which "has a causal, temporal or spatial connection with the charged offense" and "consists of those other acts that are inextricably intertwined with the charged offense[,] . . . [are] a prelude to the charged offense, [are] directly probative of the charged offense, arise[] from the same events as the charged offense, form[] an integral part of a witness's testimony, or complete[] the story of the charged offense." *Hardy*, 228 F.3d at 748 (citations omitted).

In *United States v. Barnes*, 49 F.3d 1144 (6th Cir. 1995), the Sixth Circuit similarly explained that "Rule 404(b) does not apply where the challenged evidence is 'inextricably intertwined' with evidence of the crime charged in the indictment." *Id.* at 1149 (quoting *United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982)). The court stated:

> When the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence.

*Id.*

Sawyer is charged with wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343.[1] The elements of wire fraud are: (1) a scheme to defraud; (2) use of an interstate wire communication in furtherance of the scheme; and (3) intent to deprive a victim of money or property. *See United States v. Prince*, 214 F.3d 740, 747-48 (6th Cir. 2000). The need for introducing evidence of prior uncharged criminal activities is readily apparent in cases involving mail or wire fraud, *see United States v. Weinstock*, 153 F.3d 272, 277 (6th Cir. 1998), or other criminal activity which by its very nature often involves multiple transgressions over an extended period of time. *See, e.g.*, *United States v. Comer*, 93 F.3d 1271, 1274 (6th Cir. 1996)(allowing evidence of prior sales of stolen goods to be admitted in case involving ongoing scheme of theft and subsequent black market sales).

Here, the references to Sawyer's prior fraudulent loan applications listed in paragraphs one through four of the

---

[1] 18 U.S.C. § 1343 states:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

6

indictment are inextricably intertwined with the charged offense of wire fraud listed in paragraphs six to nine of the indictment. Paragraphs one through four contain proper background information that has a causal connection with the charged offense and "completes the story of the charged offense," *see Hardy*, 228 F.3d at 748, in that they explain Sawyer's overall scheme to defraud, which is an element of the wire fraud charge. The conduct described in paragraphs one through four is part of Sawyer's continuing pattern of illegal activity as it describes the nature of the scheme and the proceeds that Sawyer obtained by virtue of the scheme; and, thus, it cannot be characterized as character evidence under Rule 404(b). *See Weinstock*, 153 F.3d at 277 (stating that the jury is entitled to know the setting of a case and that the defendant's "filing of additional claims beyond the twenty-six alleged in the indictment are thus a part of the setting and circumstances forming the basis of the charge"). Accordingly, because the challenged evidence is proper background evidence and intrinsic to the wire fraud charge, Rule 404(b) is not implicated.

Lastly, Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of [] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence." The evidence sought to be submitted by the government has a high probative value, and thus, it cannot be said at this stage that it is outweighed by unfair prejudice or that it will confuse the jury. Sawyer has not shown that the evidence of other acts is clearly inadmissible, therefore, the motion *in limine* is denied at this time.

## III. RECOMMENDATION

For the reasons expressed above, it is recommended that Sawyer's motion *in limine* to exclude evidence of other acts listed in the indictment be denied.

Respectfully submitted this 26th day of September, 2016.

s/Diane K. Vescovo<br>
DIANE K. VESCOVO<br>
CHIEF UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.