IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cr-20110-JTF-dkv |
| | ) | |
| VINCENT SAWYER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

Before the Court is Defendant's Appeal and Objections to the Magistrate Judge's Order Denying Defendant's Motion to Suppress Evidence of Other Acts and Motion for Notice of Evidence of Prior Acts filed October 10, 2016. (ECF Nos. 29 & 30). The Court referred Defendant's motions to the Magistrate Judge on August 10, 2016. (ECF No. 22). The Magistrate Judge issued a Report and Recommendation on the Defendant's Motion to Suppress Evidence of Other Acts and entered an Order denying the Defendant's Motion for Notice of Evidence of Prior Acts on September 26, 2016. (ECF Nos. 27 & 28). Defendant filed an appeal to the Magistrate Judge's Order and objections to the Magistrate Judge's Report and Recommendation on October 10, 2016. (ECF Nos. 29 & 30).

After reviewing the Magistrate Judge's Order, the Magistrate Judge's Report and Recommendation, and Defendant's appeal and objections, the Court finds that the Report and Recommendation should be adopted and the Magistrate Judge's Order should be affirmed.

1

## FACTUAL HISTORY

For the purposes of this review, the Magistrate Judge accurately summarized the facts of this case. In pertinent part, this case involves the use of false statements regarding Defendant's income and employment for purposes of obtaining loans or credit from various financial institutions. (ECF No. 27). While Defendant has filed an appeal of the Magistrate Judge's order and objections to the Magistrate Judge's Report and Recommendation, none of the appellate claims or objections appear to specifically relate to the Magistrate Judge's factual findings. Therefore, the Court adopts the factual findings of the report and recommendation.

## STANDARD OF REVIEW

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. Fed. R. Civ. P. 72. The referrals may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may adopt or not. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

"The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while [her] legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted). Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable. *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (citations omitted). "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)).

## ANALYSIS

1. **Magistrate Judge's Report and Recommendation**

Defendant is charged with wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343. The elements of wire fraud are: 1) a scheme to defraud; 2) use of an interstate

wire communication in furtherance of the scheme; and 3) intent to deprive a victim of money or property. *See United States v. Prince*, 214 F.3d 740, 747-48 (6th Cir. 2000). The Magistrate Judge recommended that Defendant's Motion to Exclude Evidence of Other Acts be denied on the basis that the challenged evidence is proper background evidence and intrinsic to the wire fraud charge. Defendant objects to the Magistrate Judge's finding and argues that the prior acts are not background evidence to the single wire fraud charge. Defendant further asserts that the prior acts are extrinsic evidence, clearly showing prohibited propensity to commit unrelated crimes. Also, Defendant argues that the cases that the Magistrate Judge relied on are readily distinguishable from his circumstances.

Fed. R. Civ. P. 404(b) requires the exclusion of other-acts evidence used for no purpose other than to suggest a party's action in conformity with such prior acts. *United States v. Lamar*, 466 F. App'x 495, 499 (6th Cir. 2012) (citation omitted). The Sixth Circuit has "held time and again, however, that background evidence, 'often referred to as '*res gestae*,' does not implicate Rule 404(b)'" *Id.* (citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). In *Lamar,* the court affirmed the district court's admission of the defendant's prior bad acts of selling marijuana as background evidence for explaining the context and network of existing relationships in which the defendant conspired to distribute cocaine.

In *United States v. Weinstock*, 153 F.3d 272 (6th Cir. 1998), the Sixth Circuit affirmed the district court's admission of the defendant's prior bad acts as part of his pattern of medical billing fraud. The *Weinstock* Court, in pertinent part, stated

> [t]he indictment in this case charged Weinstock with using the mail in furtherance of a scheme to defraud Blue Cross. The alleged scheme entailed submitting claims to Blue Cross for arthrocentesis procedures not performed and then receiving payments for those claims through the mail…. The mail fraud scheme involved filing claims and receiving payments. The profile introduced by the

4

government provided the jury with evidence intrinsic to that scheme--the number of claims filed by Weinstock and the payments he received.

*Id*. at 277.

In *United States v. Barnes*, 49 F.3d 1144 (6th Cir. 1995), the Sixth Circuit affirmed the district court's admission of testimony regarding a prior drug shipment and the receipt of the one for which the defendants were charged. The Court held that the testimony was intrinsic to the conduct alleged in the indictment. *Id*. at 1149. The Court stated:

> When the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrong evidence.

*Id*.

Defendant argues that the testimony of the defendant's co-conspirator in *Lamar* about their prior marijuana ring was necessary for contextualizing exactly how the suspect sought to distribute cocaine through the very same drug ring. Defendant also argues that his prior acts, unlike the defendant in *Weinstock*, are not evidence of the very scheme alleged in the indictment, which only produced a single charge of wire fraud. Therefore, Defendant contends that the jury need not hear that for over four years, he engaged in other fraudulent activity for which he was never arrested, charged, or convicted, in order to determine whether he attempted to defraud Laurel BMW in 2012.

The Magistrate Judge found that the conduct described in paragraphs one through four of the Indictment were part of Defendant's continuing pattern of illegal activity as it describes the nature of the scheme and the proceeds that Defendant obtained by virtue of the scheme. She explained that there is a direct causal connection between the prior acts and the charged offense

conduct. Together, they describe Defendant's overall scheme to defraud, which is an element of wire fraud. The Magistrate Judge also found that the evidence sought to be introduced by the government is highly probative of guilt. Thus, at this stage, there is essentially no chance of unfair prejudice or jury confusion. After reviewing the Magistrate Judge's Report and Recommendation, Defendant's objections, and the related record, the Court finds that Magistrate Judge's conclusion was not contrary to law or clearly erroneous.

The Court also agrees with the Magistrate Judge, that although captioned as a motion to suppress, Defendant's motion is more in the nature of a motion *in limine,* which asks for an evidentiary ruling pre-trial. Out of an abundance of caution, the Court notes that it has reviewed *de novo* the Report and Recommendation and Defendant's objections. The Court finds that the objections are denied and the Report and Recommendation is adopted.

   **2. Magistrate Judge's Order**

Defendant also appeals the Magistrate Judge's Order on the grounds that the admission of the prior acts as background evidence does not obviate the requirement that the government provide notice to the Defendant about which prior acts it intends to introduce at trial. In support, Defendant cites *United States v. Lamar*, 466 F. App'x 495 (6th Cir. 2012). In *Lamar*, the court noted as follows:

> Prior to trial, the government provided notice to Lamar of its intent to introduce evidence that, in addition to the cocaine transactions at issue, Lamar had sold small quantities of marijuana to individual coconspirators. The notice explained that the government planned to introduce the evidence to show how the witnesses knew Lamar and because the marijuana sales were "inextricably interwined" with charged offenses and therefore necessary to explain the circumstances of the charged conduct.

*Id*. at 498. Although the government provided notice to Lamar of its intent to introduce background evidence, the *Lamar* Court's opinion did not establish a notice requirement for

background evidence. Moreover, "[b]ackground evidence falls outside the parameters of 404(b), so there is no reasonable notice requirement for its admission." *United States v. Huber*, 2010 U.S. Dist. LEXIS 73438, at *5 (E.D. Ky. July 20, 2010) (citing *United States v. Joseph*, 270 Fed. App'x 399, 405 (6th Cir. 2008)). The Sixth Circuit Court of Appeals in *United States v. Bailey*, 61 F. App'x 233, 241 n.4 (6th Cir. 2003) (citations omitted) stated

> We take note of the fact that one of the important distinctions between admitting as permitted by Rule 404(b) and admitting it as background evidence is that the text of Rule 404(b) requires the government to provide "reasonable notice" of its intention to use such evidence at trial. In this case the government did give such notice and thus, even if the evidence at issue comes under Rule 404(b), this notice requirement will not bar its admission. Given the sometimes difficult determinations that are required in this area, giving "reasonable notice" may be a prudent choice for the prosecution in cases such as this one.

Accordingly, the Magistrate Judge's conclusion that Rule 404(b)'s notice requirement does not apply to Defendant's prior acts is not contrary to law or clearly erroneous.

## CONCLUSION

For the reasons stated herein, Defendant's objections are OVERRULED and the Magistrate Judge's Report and Recommendation is **ADOPTED**. Further, Defendant's appellate claims are DENIED and the Court **AFFIRMS** the Magistrate Judge's Order.

**IT IS SO ORDERED** this 7th day of November, 2016.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
